1   CADDEN & FULLER LLP
Thomas H. Cadden, Cal. Bar No. 122299
2   Email:  tcadden@caddenfuller.com
Ignacio J. Lazo, Cal. Bar No. 105945
3   Email:  ilazo@caddenfuller.com
Nathaniel J. Tarvin, Cal. Bar No. 251094
4   Email:  ntarvin@caddenfuller.com
114 Pacifica, Suite 450
5   Irvine, CA 92618
Telephone:  (949) 788-0827
6   Facsimile:  (949) 450-0650

7   Attorneys for Plaintiff,
National Wood Products, Inc.,

8

9

10                UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                    SOUTHERN DIVISION

13

| | |
|---|---|
| 14   NATIONAL WOOD PRODUCTS, INC., a Utah corporation, | Case No.: SACV 09-01015-JVS (MLGx) |
| 15 | **PROTECTIVE ORDER PURSUANT TO STIPULATION** |
| 16           Plaintiff, <br> vs. | |
| 17   EULER HERMES AMERICAN CREDIT INDEMNITY COMPANY, a Maryland corporation, | [Fed. R. Civ. P. 26(c)] |
| 18 | Discovery Cutoff: January 3, 2011 <br> Pretrial Conf:  February 22, 2011 |
| 19          Defendant. | Trial Date:  March 8, 2011 |

20

21   _____

22

23       Having reviewed the Stipulation Regarding Confidentiality and Protective

24 Order (the "Stipulation") executed by and among plaintiff National Wood Products,

25 Inc. ("Plaintiff"), defendant Euler Hermes American Credit Indemnity Company

26 ("Defendant"), and third party witness Comerica Bank ("Comerica") (collectively,

27 the "Parties"), through their respective attorneys of record, and good cause

28 appearing therefore, it is hereby:

1

**ORDERED, ADJUDGED, AND DECREED** as follows:

**1.     TREATMENT OF THE APPRAISAL AS CONFIDENTIAL.**

Pending further order of this Court, the "Walker Wood Products, Machinery and Equipment Appraisal" dated August 8, 2006 (the "Appraisal") shall be deemed confidential.

**2.     RESTRICTIONS UPON DISCLOSURE OF THE APPRAISAL.**

Except as provided in the Stipulation, Plaintiff and Defendant (individually, an "Action Party" and, collectively, the "Action Parties") shall not disclose the contents of the Appraisal, directly or indirectly, to any person including but not limited to members of the press, absent further order of this Court or consent on the part of counsel for Comerica.   The Appraisal, any copies thereof, and any notes made therefrom, shall be disclosed only to qualified persons, who shall be bound by the terms of the Stipulation.  Except with the prior written consent of counsel for Comerica or further order of court, the Appraisal shall not be shown, delivered, or disclosed to any person other than:

**(a)**    Counsel for each Action Party, including staff or support personnel for such counsel as reasonably necessary in connection with the preparation for trial and the trial of this action;

**(b)**    This Court, the jury, any mediator or arbitrator, any appointed discovery referee, and any other trier of fact appointed by this Court or on stipulation of the Parties;

**(c)**    Counsel representing any insurer or indemnitor of any Action Party, including staff or support personnel for such counsel as reasonably necessary in connection with the preparation for trial and the trial of this action;

**(d)**    Court reporters and other persons involved in recording deposition testimony in this action by any means;

**(e)**    The Parties and the officers and employees of an Action Party (or of the parent entity of an Action Party), where needed for the preparation for trial and the trial of this action;

**(f)**    Any deponent and, as to non-party deponents, the attorney for the deponent;

**(g)**    Any witness at any trial, hearing, or other proceeding in this matter;

**(h)**    Any person whom the Appraisal identifies as an author, addressee, or recipient of the Appraisal; and

**(i)**    Independent personnel retained or consulted by counsel for the Action Parties to furnish technical or other expert services or advice or to give expert testimony; provided, however, that such personnel first acknowledge in writing his or her familiarity with the terms of the Stipulation.  Counsel for the Action Parties shall maintain a complete record of every original signed certificate obtained from any person pursuant to this section.

**3.    USE OF THE APPRAISAL AT DEPOSITIONS.**

**(a)**    When the Appraisal is supplied to a deponent upon oral deposition, or when the deponent's testimony contains, reflects, or comments on the Appraisal, the deposition reporter and/or videotape operator shall be informed of the Stipulation by the Action Party which provided such deponent with the Appraisal, and will be required to agree to be bound by its terms in accordance.  The reporter and/or videotape operator shall place on the cover of any transcript or videotape which contains the Appraisal the words "CONTAINS CONFIDENTIAL INFORMATION."

PROTECTIVE ORDER PURSUANT TO STIPULATION

**(b)**    If the Appraisal is to be discussed or disclosed in a deposition, the Action Parties must exclude from the room any person who is not entitled to receive such confidential information solely during that portion of the deposition in which such information is actually discussed or disclosed.

**(c)**    Prior to receiving access to the Appraisal, each deponent or third-party witness to whom an Action Party proposes to disclose the Appraisal at a deposition, trial, or other proceeding shall be given a copy of the Stipulation and be informed of its contents.  The Action Parties shall not show the Appraisal to any deponent or third-party witness, unless that deponent or third-party witness agrees on the record to be bound by the obligations of confidentiality and non-disclosure as set forth in the Stipulation.

**4.    LODGING OR FILING THE APPRAISAL UNDER SEAL.**

If any Party seeks to file or lodge with this Court any documents, including deposition transcripts or videotapes, which contain the Appraisal, such Party shall comply with the standards and procedures set forth in Local Civil Rule 79-5 of the United States District Court for the Central District of California.  A Party seeking to file or lodge a document under seal may simultaneously file a public version of the document with the Appraisal redacted.

**5.    USE OF THE APPRAISAL AT TRIAL.**

Prior to commencement of trial, any Party who desires to disclose, quote from, summarize or otherwise refer to the contents of the Appraisal at trial shall confer with this Court and counsel for Comerica as to the treatment of the Appraisal at trial.  This requirement shall not impose upon the Action Parties any duty to preclude members of the public or members of the press from exercising their constitutional right to attend trial or at any public hearings in this matter at which the

1    Appraisal, any copies thereof, and any notes made therefrom may be discussed or

2    introduced into evidence.

3

4    **6.     MISCELLANEOUS.**

5         **(a)**    In the event of a perceived violation of the Stipulation, Comerica

6    may seek an order to show cause regarding contempt from this Court

7    pertaining to the alleged violation.

8         **(b)**    The Appraisal shall be maintained in the custody of counsel for

9    the Action Parties except that:  (i) any court reporter who transcribes

10   testimony given in this action may maintain the Appraisal for the purpose of

11   rendering his or her normal transcribing services; and (ii) partial or complete

12   copies of the Appraisal may be retained by consultants entitled to see the

13   Appraisal documents under the terms of the Stipulation to the extent

14   necessary for their study, analysis; and preparation of the case.  A person with

15   custody of the Appraisal shall maintain it in a manner that limits access to

16   those documents to only those persons entitled under the Stipulation to

17   examine it.

18        **(c)**    Unless counsel for Comerica agrees otherwise in writing, at the

19   conclusion of this litigation, whether by settlement or final decision of this

20   Court of last resort, all copies of any documents (other than attorney work

21   product), containing the Appraisal shall be destroyed or returned to Comerica.

22   Notwithstanding the foregoing, counsel for the Action Parties shall be

23   permitted to retain a file copy of all briefs, pleadings, motions, depositions,

24   deposition exhibits, and trial exhibits.

25        **(d)**    The provisions of the Stipulation apply to all proceedings in this

26   action, including all appeals, arbitrations, and proceedings upon remand.  The

27   Stipulation shall be binding upon, shall inure to the benefit of, and may be

28

**PROTECTIVE ORDER PURSUANT TO STIPULATION**

1  directly enforced by the Parties and their respective representatives,

2  successors, and assigns.

3  **(e)**   The designation of confidentiality pursuant to the Stipulation

4  shall be effective and shall be respected by the Action Parties and all persons

5  in any way involved in these proceedings or to whose attention the Appraisal

6  shall come unless and until otherwise ordered by this Court or stipulated by

7  counsel for Comerica.  These obligations of confidentiality and nondisclosure

8  shall survive the conclusion of this action unless and until otherwise ordered

9  by this Court or until Comerica permits disclosure of the Appraisal.

10  **(f)**   The execution of the Stipulation by the Action Parties does not

11  waive their right to dispute or challenge the assertion by Comerica that the

12  Appraisal is, or should be regarded as, "confidential" and protected or

13  restricted from disclosure.

14  **(g)**   The execution of the Stipulation by Comerica does not waive any

15  objection it might have to the production of any other documents, or other

16  form of information, sought by the Action Parties.

17  **(h)**   The execution of the Stipulation by the Action Parties and the

18  designation of the Appraisal as confidential under the Stipulation, shall not be

19  deemed to constitute an admission or agreement that the Appraisal does, in

20  fact, constitute confidential information.  The fact of the designation of the

21  Appraisal as confidential is not admissible.

22  **(i)**   This Court retains jurisdiction even after termination of this

23  action to enforce the Stipulation and to make such deletions from or

24  amendments, modifications, and additions to the Stipulation as this Court may

25  from time to time deem appropriate.  The Parties reserve all rights to apply to

26  this Court at any time, before or after termination of this action, for

27  / / /

28  / / /

**PROTECTIVE ORDER PURSUANT TO STIPULATION**

1    an order modifying the Stipulation or seeking further or reduced protection

2    against disclosure or use of claimed confidential information.

3

4    Dated:  December 15, 2010    _____

MARC L. GOLDMAN
5                                UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**PROTECTIVE ORDER PURSUANT TO STIPULATION**